CHARLES BROWN *vs.* HENRY WATERMAN.

It is the duty of a bailee for hire, if property be stolen from him, to show that he used due and reasonable care of the property.

An objection to the form of an action, not taken at the trial, is not open upon a bill of exceptions.

THIS case came from the court of common pleas, on the following bill of exceptions: " Trover for a watch. It appeared, upon the trial, that the defendant was a repairer of watches, in the town of Millbury; that the plaintiff left the watch in question with him, to be repaired; and that afterwards, when the plaintiff called for and demanded his watch, the defendant neglected to deliver it to him, and alleged, as

an excuse for such neglect, that the watch had been stolen from his shop without any negligence on his part. The judge instructed the jury, that it was the duty of the defendant, when he received the watch for the purpose aforesaid, to take due and reasonable care thereof, and that, to avail himself of the defence that the watch was stolen from his shop, without negligence on his part, he must show that he did use such due and reasonable care. No other ruling or instruction of the court was objected to ; but to said instruction and ruling the defendant excepts. The verdict was for the plaintiff."

*S. H. Allen*, for the defendant.

Where property has been stolen from a bailee, or lost through his negligence, he is not liable therefor in an action of trover, but in an action on the case. *Anon.* 2 Salk. 655 ; *Ross* v. *Johnson*, 5 Bur. 2825 ; *Kelsey* v. *Griswold*, 6 Barb. 436 ; *Severin* v. *Keppell*, 4 Esp. R. 156 ; *Bromley* v. *Coxwell*, 2 Bos. & Pul. 438.

No counsel appeared for the plaintiff.

METCALF, J. We must overrule these exceptions : Not because trover is the proper action against a bailee, to recover for goods stolen from him, although he may not have used reasonable care to prevent the theft—for it is not; but because he is answerable to the bailor, in such case, in some form of action ; and because it does not appear that any objection to the action of trover was taken at the trial, and therefore the instruction excepted to cannot be construed as sanctioning that form of action. It must be construed as an instruction that the defendant was not exempted from liability to pay the plaintiff for the watch, by reason of a theft which he did not take reasonable care to prevent. And the instruction, so construed, was clearly right.

If the objection now insisted on had been made at the trial, the plaintiff might have had leave to amend, by changing the form of action. But the case appears to have been tried on its merits ; and the verdict is not to be set aside on a merely technical point afterwards raised for the first time.

Besides ; it does not appear in the exceptions, unless by inference from the instruction complained of, that any evidence

was given by the defendant, that the watch was stolen from him ; and therefore, in strictness, the instruction might be regarded as given on a merely abstract point of law, and though erroneous, yet not the subject of exception. But we do not decide the case on that ground.

That an objection to the form of action, not taken at the trial, cannot be taken on a bill of exceptions, was decided in *Emmons* v. *Lord,* 6 Shepley, 351.  *Exceptions overruled.*